IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN LEE McGINNES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-CV-0120-TCK-SH |
| KATIE ROTHROCK, Jail Administrator, | ) |
| MRS. GALARDO, Assistant Jail Administrator, | ) |
| KEVIN COHEN, Assistant Jail Administrator, | ) |
| KATHLEEN GORDON, LPN-Nurse, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This civil rights action is before the Court on the Motion to Dismiss filed by Defendant Kathleen Gordon on June 30, 2023 (Dkt. 22). Citing Federal Rule of Civil Procedure 12(b)(6), Gordon contends that the Pro Se Prisoner Civil Rights Complaint filed by Plaintiff Calvin Lee McGinnes on March 28, 2023 (Dkt. 1) fails to state any claims against her on which relief may be granted. McGinnes did not file a response to the dismissal motion. Having carefully considered the allegations in the Complaint, the Court finds that they are not sufficient to state any plausible claims for relief against Gordon. The Court therefore grants Gordon's Motion to Dismiss and Dismisses the Complaint, in part, as to all claims asserted against Gordon.

I.      **Plaintiff's allegations and claims**

McGinnes, who appears *pro se*, has been detained or incarcerated at the Delaware County

Jail in Jay, Oklahoma since October 31, 2022. Dkt. 1, at 2, 5.[1] He commenced this action in March 2023, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights arising from allegedly inadequate dental care and unconstitutional conditions of confinement. *Id.* at 1-2, 5, 7-9. He purports to sue four defendants: (1) Katie Rothrock, Jail Administrator; (2) Mrs. Galardo, Assistant Jail Administrator; (3) Kevin Cohen, Assistant Jail Administrator; and (4) Kathleen Gordon, LPN-Nurse (collectively, "Defendants").[2] *Id.* at 3-4. McGinness identifies five claims and provides supporting facts for each claim. *Id.* at 5, 7-9. McGinnes purports to sue each defendant in his or her individual capacity only. Dkt. 4, at 1.[3]

### A.   Claim One:  Deliberate Indifference to a Serious Dental Health Need

McGinness first claims Defendants violated his right to constitutionally adequate medical care by being deliberately indifferent to his serious need for dental care. Dkt. 1, at 5, 7. McGinnes alleges he arrived at the Delaware County Jail on October 31, 2022, and was assigned to Cell # 4. *Id.* at 5. On November 7, 2022, he "started grieving to Medical and Jail Administration of a broken

---

[1] For consistency, the Court's citations refer to the CM/ECF header pagination. In addition, when quoting from the Complaint, the Court follows conventional rules for capitalization and grammar, corrects obvious spelling errors, and replaces references to "Kat Groden" with the correct spelling of Defendant Kathleen Gordon's name.

[2] The Court previously dismissed from this action a fifth defendant, because that defendant was a private actor and McGinnes did not plausibly allege that defendant acted under color of state law to deprive McGinness of any federally protected rights. Dkt. 6, at 3-4.

[3] In the Complaint, McGinnes purported to sue each defendant in his or her individual and official capacities. Dkt. 1, at 5, 7-9. However, he subsequently filed a document entitled "Defendants Amended" indicating that he intends to sue each defendant only in his or her individual capacity. Dkt. 4. The Court construed that document as a correction to the Complaint. Dkt. 6, at 1 n.1.

tooth, and an abscess tooth on the left side of [his] mouth." *Id.* at 5, 7. He grieved this issue "personally to Jail Administrator Mrs. Galardo and Nurse [Kathleen Gordon], to no avail." *Id.* at 7. McGinnes "was charged $26.00 for a medical visit." *Id.* at 5. McGinness grieved this issue to "again" to Katie Rothrock "on or around" November 17, 2022, "and was charged another $26.00 again for grieving." *Id.* at 7. McGinnes grieved "this serious dental issue" to "Jail Administrators" on December 12, 2022, and, as before, he was charged $26.00 for medical and dental treatment "and still never received adequate or proper treatment." *Id.* Instead, McGinnes was "just charged over and over again for grieving." *Id.* In describing his serious medical need and resulting injuries, McGinnes alleges that he has "a broken tooth and a[n] abscess tooth and it hurts extremely bad and is swelling [his] face up." *Id.* He also alleges his "mental health" is in a "state of psychosis and depression" and that the lack of dental care has been "traumatizing." *Id.* He further alleges that "all these staff know of this concern and have all simply disregarded this matter." *Id.*

McGinnes alleges he "exhausted all of [his] available administrative remedies" as to this issue as follows: "I've spoken with Katie Rothrock, Mrs. Galardo, Mr. Cohen, and Nurse [Kathleen Gordon] . . . and received responses from all of these officials, and personally spoke with all these medical staff and prison officials to no avail." *Id.*

### B.   Claim Two:  Deprivation of Outside Recreation, Fresh Air, and Exercise

Next, McGinness claims Defendants violated his right to constitutionally adequate conditions of confinement by depriving him of outside recreation, fresh air, and exercise. Dkt. 1, at 8. In support of this claim, McGinnes alleges he was booked into the Delaware County Jail on October 31, 2022, that he has "remained in Cell # 9 and Cell # 4 and ha[s] not had any outside

recreation, fresh air, sunlight, nor exercise for over (6) six months now and ongoing." *Id.* McGinnes further alleges that his "muscles have developed a muscle disease of 'atrophy,'" and that his constant confinement has caused him to suffer "mental health disorders of psychosis and depression." *Id.* He alleges he exhausted available administrative remedies as to this claim by speaking with "Jail Administrators Katie Rothrock, Assistant Administrator Mrs. Galardo, Sheriff Beck, Nurse [Kathleen Gordon]." *Id.*

### C. Claim Three: Unsanitary and Overcrowded Jail Cells

In his third claim, McGinnes alleges he is being housed in unconstitutional conditions of confinement because the jail is overcrowded and unsanitary. Dkt. 1, at 8. Specifically, he alleges that since he arrived at the jail in October 2022, he has been housed in a "four-man cell," Cell # 4, with six, seven, or eight "people at a time." *Id.* He alleges "there is mold growing on the walls, no fire sprinkler, [and no] fire evac[uation] plan." *Id.* He further alleges that prisoners must "wear the same clothes that are degrading," have "no sheets" and must "roll on dirty bare mats." *Id.* McGinness alleges these conditions have caused him to contract "colds, flu, athlete's foot, staph infections, rashes, insect bites, and other unidentified novel diseases." *Id.*

According to McGinnes, Sheriff Beck, who is not identified as a defendant in this action, and all Defendants "know of these filthy living conditions and have wrote acknowledged and already addressed on all my grievances to no avail." *Id.* He further alleges "these people just don't care." *Id.*

### D. Claim Four: Due Process Violation

McGinnes claims Defendants Rothrock, Cohen, and Galardo violated his Fourteenth

4

Amendment right to due process. Dkt. 1, at 9. In support of this claim, McGinness alleges that he has been detained at the Delaware County Jail since October 31, 2022, for a probation revocation, that he was not granted a hearing within twenty days, that "no probation or parole officer has made any statements, or recommendations on [his] behalf," and that his "rights and all the rules and policy of 'entitled' 'probation and parole' under Oklahoma Department of Corrections have been broken and . . . violated." *Id.* He further alleges that he "remain[s] a sentenced prisoner and a pre-trial detainee with no court date, hearings, recommendations, nor sanctions." *Id.* McGinnes alleges he "grieved this serious concern for several months to no avail to Katie Rothrock, J.A. Cohen, [and] Mrs. Galardo." *Id.*

### E. Claim Five: Free Exercise of Religion

In his fifth claim, McGinnes claims Defendants Rothrock, Galardo, and Cohen, and non-defendant Sheriff Beck, have interfered with his First Amendment right to freely exercise his religion. Dkt. 1, at 9. In support of this claim, McGinnes alleges he is "a 'Christian Faith' and believe[s] in Jesus Christ." *Id.* He alleges that since he arrived at the Delaware County Jail he has "been denied [permission] to talk to [his] chaplain from the world, and [the] jail does not allow [him] access to a chaplain." *Id.* He alleges he has neither seen nor spoken to a jail chaplain for six months. *Id.* McGinnes alleges he grieved this issue "to no avail to Jail Administration Katie Rothrock, Mrs. Galardo, J.A. Cohen, [and non-defendant] Sheriff Beck." *Id.*

### F. Requests for relief

In his request for relief, McGinnes seeks permanent injunctive relief and $7,000,000 in damages. *Id.* at 10-11.

**II.     Discussion**

Defendant Kathleen Gordon seeks dismissal of the Complaint, under Fed. R. Civ. P. 12(b)(6), asserting that McGinnes fails to state any plausible constitutional claims against her. Dkt. 22, at 1-9. In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all the well-pleaded factual allegations of the complaint and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555, 570. Dismissal is appropriate "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Id.* at 558. When, as here, a plaintiff appears *pro se*, a court must liberally construe the complaint. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). This "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction does not relieve a *pro se* plaintiff of his or her "burden [to] alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. And, in applying the rule of liberal construction, a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

To survive a motion to dismiss for failure to state claim, a plaintiff seeking relief under § 1983 must plausibly allege: "(1) a violation of rights protected by the United States Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir.

2002) (alteration in original) (citation omitted). As previously noted, McGinnes sues each defendant in his or her individual capacity only. *See supra* n. 3. "A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). As *Brown* explains,

> Personal liability "under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).
>
> Supervisory liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960, 131 S. Ct. 2150, 179 L.Ed.2d 935 (2011) (quotation omitted).
>
> Section 1983 does not authorize liability under a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, to establish supervisory liability, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199.

*Id.* at 1163-64 (footnote omitted); *see also Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (requiring a plaintiff to show an "affirmative link" between the supervisor and the alleged constitutional violation).

Having carefully considered the allegations in the Complaint, the Court finds it most reasonable to read those allegations as asserting three claims against Gordon, in her individual capacity: (1) a deliberate indifference claim arising from the alleged failure to provide adequate dental or medical care, as asserted in Claim One; (2) a deliberate indifference claim arising from the alleged deprivation of outdoor exercise, as asserted in Claim Two; and (3) a deliberate

7

indifference claim arising from the allegedly unsanitary and overcrowded jail conditions, as asserted in Claim Three. However, for the following reasons, the Court finds that none of these claims states a plausible claim for relief against Gordon.

### A. Claim One: Deliberate Indifference to a Serious Dental Health Need

First, as Gordon contends, the factual allegations in support of Claim One are not sufficient to state a plausible claim for relief against Gordon for deliberate indifference to a serious dental health need. Dkt. 22, at 4-7.

The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide adequate medical care to convicted inmates. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]o state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020). "And [courts] apply the same deliberate indifference standard no matter which amendment provides the constitutional basis for the claim." *Id.* at 989.[4] As *Strain* explains,

> This standard includes both an objective component and a subjective component. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "A medical need is [objectively] serious if it is one that has

---

[4] It is not entirely clear from the Complaint which amendment McGinnes relies on because he identifies himself both as a pretrial detainee and as a convicted and sentenced state prisoner. Dkt. 1, at 2, 9. However, as *Strain* states, the same deliberate indifference standard applies regardless of which constitutional amendment applies. 977 F.3d at 989.

8

>been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Clark*, 895 F.3d at 1267 (alteration in original and citation omitted). The subjective component requires Plaintiff to establish that a medical "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970).

*Strain*, 977 F.3d at 989-90.

McGinnes alleges he arrived at the Delaware County Jail on October 31, 2022, and that he "started grieving to Medical and Jail Administration of a broken tooth, and an abscess tooth on the left side of [his] mouth" on November 7, 2022. *Id.* at 5, 7. McGinnes alleges his tooth "hurts extremely bad and is swelling [his] face up." *Id.* at 7. He also alleges the lack of dental care has traumatized him and negatively impacted his "mental health." *Id.* He alleges he grieved this issue "personally to . . . Nurse [Kathleen Gordon], to no avail." *Id.* at 7. McGinnes further alleges that on an unidentified date he "was charged $26.00 for a medical visit"; that "on or around" November 17, 2022, he "was charged another $26.00 again for grieving" this issue; and that on December 12, 2022, he grieved "this serious dental issue" to "Jail Administrators, he was charged $26.00 for medical and dental treatment, and he "still never received adequate or proper treatment." *Id.* at 5, 7. He further alleges that "all these staff know" about his need for dental treatment "and have all simply disregarded this matter." *Id.* at 7.

Accepting McGinnes's factual allegations as true, the Court finds them sufficient to describe a serious need for dental care and to show that Gordon was aware that he requested treatment. But his allegations suggest that he received medical and dental treatment on at least

9

two, and possibly three, occasions. And, while McGinnes asserts that he "never received adequate or proper treatment," he does not allege facts describing the alleged inadequacies or improprieties in his treatment. Critically, "an individual 'who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.'" *Strain*, 977 F.3d at 994 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999)). Moreover, even if McGinnes's allegations could be liberally construed as alleging more than a mere disagreement with a prescribed course of treatment, none of his allegations identifies what role, if any, Gordon had in either providing or failing to provide constitutionally adequate treatment to McGinnes. *See Foote*, 118 F.3d at 1423 (explaining that personal liability "under § 1983 must be based on personal involvement in the alleged constitutional violation"). At most, his allegations show that Gordon was aware of his request for dental care. But deliberate indifference requires more than awareness, it requires a knowing disregard for an excessive or substantial risk to the plaintiff's health. *Strain*, 977 F.3d at 990. On the facts alleged, and for the reasons just discussed, McGinnes fails to state a plausible deliberate indifference claim against Gordon arising from the alleged failure to provide dental treatment.

**B.     Claims Two and Three:  Outdoor Exercise and Conditions of Confinement**

Second, as Gordon contends, McGinnes's factual allegations in support of Claims Two and Three fall short of plausibly showing that Gordon could be liable for the alleged denial of outdoor exercise or the allegedly unsanitary and overcrowded conditions at the Jail. Dkt. 22, at 7-8.

The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate . . . clothing, shelter, [and] sanitation." *Tafoya v. Salazar*, 516

F.3d 912, 916 (10th Cir. 2008). And "denying outdoor exercise could violate the Constitution under some circumstances." *Lowe v. Raemisch*, 864 F.3d 1205, 1209 (10th Cir. 2017); *see also Apodaca v. Raemisch*, 864 F.3d 1071, 1077 (10th Cir. 2017) ("Roughly three decades ago, we recognized a consensus in the case law regarding the importance of outdoor exercise for prisoners."). However, to establish an Eighth Amendment violation, a plaintiff must demonstrate that a prison official acted with "deliberate indifference" by knowingly disregarding an excessive risk to an inmate's health or safety. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *Farmer*, 511 U.S. at 837. Likewise, a plaintiff held in state custody as a pretrial detainee must demonstrate that a jail official acted with deliberate indifference to establish that the officials acts or omissions violated the Due Process Clause of the Fourteenth Amendment. *Paugh v. Uintah County*, 47 F.4th 1139, 1153-54 (10th Cir. 2022).

In support of Claim Two, McGinnes alleges that, as of the date he filed his Complaint, he had been deprived of "outside recreation, fresh air, sunlight, [and] exercise for over (6) six months." Dkt. 1, at 8. He further alleges that, because of this deprivation, his muscles have atrophied, and his mental health has declined. *Id.* He alleges he spoke about this deprivation with "Jail Administrators Katie Rothrock, Assistant Administrator Mrs. Galardo, Sheriff Beck, [and] Nurse [Kathleen Gordon]." *Id.* In support of Claim Three, McGinnes alleges that since his arrival at the jail in October 2022, he has been housed in a "four-man cell," with six, seven, or eight "people at a time." *Id.* He further alleges "there is mold growing on the walls, no fire sprinkler, [and no] fire evac[uation] plan," and that prisoners must wear "degrading" clothes and "roll on dirty bare mats" with "no sheets." *Id.* McGinness alleges these overcrowded and unsanitary

conditions have caused him to contract "colds, flu, athlete's foot, staph infections, rashes, insect bites, and other unidentified novel diseases." *Id.* And he alleges that all Defendants "know of these filthy living conditions" and "just don't care." *Id.*

The Court accepts as true McGinnes's allegations: (1) that he has been deprived of outdoor exercise for more than six months; (2) that he has been housed in unsanitary and overcrowded conditions; and (3) that McGinnes alerted Gordon to the alleged deprivation and unconstitutional conditions by speaking to her or filing grievances. But none of his allegations plausibly suggest that Gordon, whom he describes as an "LPN-Nurse," personally participated either in the alleged deprivation of outdoor exercise or in any decisions that caused or failed to remedy the complained-of conditions at the Jail. *See Foote*, 118 F.3d at 1423 (explaining that personal liability "under § 1983 must be based on personal involvement in the alleged constitutional violation"). Without any allegations to plausibly suggest that Gordon personally participated in the constitutional violations alleged in Claims Two and Three, McGinnes fails to state plausible claims against Gordon.

### III. Conclusion

For the reasons stated, the Court concludes that the allegations in the Complaint, even accepted as true, fail to state any plausible claims for relief against Defendant Kathleen Gordon that could be remedied under 42 U.S.C. § 1983. The Court therefore grants Gordon's Motion to Dismiss and dismisses the Complaint, in part, as to all claims asserted against Gordon.

**IT IS THEREFORE ORDERED** that (1) the Motion to Dismiss filed by Defendant Kathleen Gordon on June 30, 2023 (Dkt. 22) is **granted**; (2) the Complaint is **dismissed**, in part, as to all claims asserted against Defendant Kathleen Gordon; and (3) Defendant Kathleen Gordon shall be **terminated** as a party defendant.

**DATED** this 7th day of December, 2023.

TERENCE C. KERN
United States District Judge